UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                     CASE NUMBER: 2:24-CR-52

ANTHONY MAYERS

    Defendant.

## MOTION TO SUPPRESS SEARCH
## OF CONTENTS OF CELL PHONE

Comes now the Defendant, Anthony Mayers, by counsel Kerry C. Connor, and moves this Court for an Order suppressing evidence, whether tangible or intangible, directly obtained or derived from the illegal search and seizure of the contents of the Silver iPhone 13 Pro Max. In support of this Motion, counsel states:

I.    Introduction.

On November 29, 2023, Detective Olivia Vasquez, of the Gary Police Department executed a search warrant at 2508 Jefferson Street Basement Apartment in Gary, Indiana. [Exhibit A]. Among the items seized from the residence were two (2) non-descript telephones. [Exhibit B].

Several days later, on December 1, 2023, Detective Vasquez filed a Probable Cause Affidavit for Search Warrant in Lake County Indiana, Miscellaneous Case No. 45D12-2312-MC-002418; the affiant, Detective Vasquez, successfully sought the issuance of a warrant to search the contents of the telephone. [Exhibit C].

1

Detective Vasquez described the phone to be searched as "a silver iPhone 13 Pro Max" with "model number MLEJ3LL/A and Serial Number JQDCWH9T7M with phone "Mo3 iPhone." [Exhibit C]. At hearing on this matter, the defendant intends to establish that in violation of the Fourth Amendment, Detective Vasquez and/or other law enforcement officers accessed the content of the iPhone prior to obtaining a warrant. Law enforcement's illegal access to the telephone is obvious: the information used in the warrant to describe the telephone may only be obtained by accessing its contents.[1]

> II. Law enforcement searched the contents of the defendant's cell phone without a warrant for its contents in violation of the Fourth Amendment.

In *Riley v. California*, 573 U.S. 373 (2014), the Supreme Court unequivocally held that it is a violation of the Fourth Amendment for law enforcement to search the contents of a telephone without a warrant, warrant exception, and/or consent of the property owner. The *Riley* Court noted "[o]ur cases have historically recognized that the warrant requirement is 'an important working part of our machinery of government,' not merely 'an inconvenience to be somehow "weighed" against the claims of police efficiency.'" *Riley*, 573 U.S. at 401, *citing Coolidge v. New Hampshire*, 403 U.S. 443, 481 (1971). Law enforcement "must generally secure a warrant before conducting" a search of a cell phone." *Riley*, 573 U.S at 386.

---

[1] https://support.apple.com/guide/iphone/get-information-about-your-iphone-iph3dd5fc7e/ios#:~:text=See%20the%20name%2C%20model%2C%20iOS,Modem%20firmware.

The Seventh Circuit has remained true to the ruling in *Riley*. The unwarranted search of a defendant's phone is a violation of the Fourth Amendment. *United States v. Jenkins*, 850 F.3d 912, 921 (2017); *see also United States v. Gary*, 790 F.3d 704, 708 (7th Cir. 2015)(detective's search of cell phone to obtain number and check call log is unconstitutional); cf. *United States v. Bixen*, 908 F.3d 276, 281 (2018)(sending the defendant a message and viewing the notification on the top screen does not constitute a search of the cell phone).

In *Commonwealth v. Fulton*, 179 A.3d 475 (Pa. 2018) is a case very similar to the case at bar and therefore instructive. The Fulton court, following the *Riley* standard, found that the mere act of powering-on a cell phone in order gather evidence, without a warrant, is an unconstitutional search. *Fulton*, 179 A.3d at 318. A second violation occurred when law enforcement then searched the contents of the telephone to obtain the phone's assigned number. *Fulton*, 179 A.3d at 318. "The act of navigating the menus of a cell phone to obtain the phone's number is unquestionably a search that required a warrant." *Fulton*, 179 A.3d at 318. A third violation occurred when the officer monitored text messages and telephone calls. *Fulton*, 179 A.3d at 318-319.

The *Riley* Court's holding it simple. If law enforcement desires to search a cell phone, they need a warrant. Here law enforcement clearly viewed the contents of the cell phone without a warrant. Suppression of evidence seized from the cell phone requires suppression.

III. Conclusion.

For the foregoing reasons, the defendant seeks suppression of all evidence seized or derived, whether tangible or intangible, testimonial or physical, including but not limited to observations of the officers, attained as a result of the search of the contents of the Silver iPhone 13 Pro Max. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

Respectfully submitted,

/s/ Kerry C. Connor
Kerry C. Connor
Attorney at Law
8320 Kennedy Avenue
Highland, IN 46322
Phone: (219) 972-7111
Fax: (219) 972-7110
kcconnor@sbcglobal.net

CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following to all counsel of record.

/s/ Kerry C. Connor
Kerry C. Connor